**GIBRALTAR PRODUCTIONS, Limited,**
**Plaintiff,**

v.

**RKO TELERADIO PICTURES, Inc.,**
**Defendant.**

United States District Court
S. D. New York.
Feb. 19, 1958.

Fitelson & Mayers, New York City, for plaintiff, Marvin A. H. Freiman, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant, Granville Whittlesey, Jr., A. Vernon Carnahan, Helmut J. F. Furth, New York City, of counsel.

DAWSON, District Judge.

The defendant has moved for an order dismissing the complaint under Rule 12 (b) (7) of the Rules of Civil Procedure, 28 U.S.C.A. in so far as it purports to set forth a claim for injunctive relief on the ground of failure to join an indispensable party.

The complaint purports to state two causes of action, one for equitable relief and one for damages. Both causes of action are based on allegations that the defendant violated its motion picture film distribution contract with the plaintiff by delaying exhibition of the licensed picture, dissolving its film exchanges, sublicensing other distributors and failing to exploit the picture properly. In its prayer for relief on the first cause of action plaintiff seeks an injunction restraining the defendant from distributing and licensing plaintiff's picture through any organization other than defendant's own organization.

Defendant urges that the injunctive relief sought cannot be granted, since such injunctive relief would affect the interest of persons not before the Court. The defendant claims that the indispensable parties are the alleged "independent State-Right reissue film distribution organizations" which the complaint alleges have entered into licensing agreements with the defendant.

It does not appear on the face of the papers that these third parties are indispensable parties to the determination of the issue between the plaintiff and the defendant. The only injunction sought is one against the defendant.

**458**

The papers do not show the terms of the licensing agreements alleged to have been entered into with the State-Right reissue film distribution organizations. It may be that they are cancellable at will by RKO, the defendant.

■ While it is true that an action brought to enjoin one party from maintaining a contract with a third party must be dismissed if the third party is not a party to the action, there is no indication in the complaint that the plaintiff seeks to abrogate any contracts presently in existence. The question as to whether the reissue film distribution organizations are indispensable parties would depend upon the facts which may develop at the trial. The defendant may raise the defense of failure to join an indispensable party in its answer, and the issue can then be determined after all the necessary facts are before the Court.

The motion to dismiss the complaint is denied. So ordered.